Jesse Cowell, OSB # 082940
Chris Roy, OSB # 031777
R. Darrin Class, OSB # 970101
Roy Law Group
1000 SW Broadway, Suite 900
Portland, OR 97205
PH: 503.206.4313
jesse@roylawgroup.com
chris@roylawgroup.com
darrin@roylawgroup.com
Attorneys for Plaintiff, Michael Rogala

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| MICHAEL ROGALA,<br><br>              Plaintiff,<br>    v.<br><br>HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY,<br><br>              Defendant. | Case No.<br><br>COMPLAINT FOR LONG-TERM DISABILITY INSURANCE BENEFITS<br><br>(Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(1)(B)) |

COMES NOW Plaintiff, Michael Rogala, with a complaint for long-term disability insurance benefits, and alleges against Defendant, Hartford Life and Accident Insurance Company:

Page 1 – COMPLAINT OF PLAINTIFF MICHAEL ROGALA

## I.  CAUSE OF ACTION

1.1

This action is brought on behalf of Plaintiff, pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Plaintiff seeks to recover from Defendant all unpaid long-term disability ("LTD") benefits, through the date of judgment, pursuant to the terms of a long-term disability policy ("LTD Plan") provided by Oracle America, Inc. ("Oracle") pursuant to 29 U.S.C. § 1132(a)(1)(B). Plaintiff seeks this remedy, prejudgment and post-judgment interest, plus his costs and reasonable attorney fees pursuant to 29 U.S.C. § 1132(e)(1), (f), and (g).

## II.  IDENTIFICATION OF PLAINTIFF

2.1

Plaintiff is a resident of Washington County, Oregon.

2.2

Oracle employed Plaintiff and offered the LTD Plan to its employees pursuant to ERISA, 29 U.S.C. § 1002(1).

2.3

Plaintiff was a participant under the LTD Plan.

## III.  IDENTIFICATION OF DEFENDANT

3.1

At all times material herein, Oracle was the sponsor and plan administrator of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1002(16)(B).

3.2

Oracle delegated sole discretion to make disability determinations under the LTD Plan to Defendant.

3.3

At all times material herein, Defendant was the claims administrator of the LTD Plan, within the meaning of ERISA, 29 U.S.C. § 1002(16)(A).

3.4

The LTD Plan was fully insured by Defendant, who is wholly responsible for any judgment Plaintiff may obtain through this action for LTD benefits.

IV.   JURISDICTION AND VENUE

4.1

Jurisdiction is conferred on this court by ERISA, 29 U.S.C. § 1132(e)(1), (f), and (g), which gives the United States district courts jurisdiction to hear civil actions brought to recover plan benefits, as well as other declarative relief and attorney fees and costs, under ERISA.

4.2

Venue is proper in this district court pursuant to ERISA, 29 U.S.C. § 1132(e)(2), and pursuant to 28 U.S.C. § 1391 and LR 3-3(a).

V.   STANDARD OF REVIEW

5.1

Defendant's denial of Plaintiff's LTD benefits is reviewed by this court *de novo*.

## VI.    FACTS SUPPORTING CLAIM

6.1

On or before May 8, 2017, due to symptoms of Severe Major Depressive Disorder, Plaintiff became disabled from his salaried job at Oracle as a director of global business operations.

6.2

As a result of his disability, Plaintiff received maximum short-term disability benefits from Defendant for about one year, through approximately May 13, 2018.

6.3

On August 13, 2018, in a letter to Plaintiff, Defendant stated that LTD benefits were not payable due to an alleged lack of Proof of Loss under the LTD Plan.

6.4

On October 9, 2018, in a letter to Plaintiff, Defendant stated that medical information was still not sufficient to show that Plaintiff met the definition of disability under the LTD Plan.

6.5

On February 12, 2019, in a letter to Plaintiff, Defendant stated that additional medical information was needed to assess if Plaintiff remained disabled. Defendant invited Plaintiff to submit additional information to perfect his claim. Defendant also provided information as to how an ERISA appeal could be submitted.

6.6

On July 17, 2019, Plaintiff submitted an appeal of Defendant's decision not to award LTD benefits ("Attempted Appeal").

6.7

On July 25, 2019, in a letter to Plaintiff, Defendant confirmed receipt of the Attempted Appeal and stated that Plaintiff's appeal would be assigned to one of Defendant's Appeal Specialists.

6.8

On July 31, 2019, in a letter to Plaintiff, Defendant stated that the Attempted Appeal would not be considered as an ERISA appeal but as an attempt by Plaintiff to perfect his LTD claim. Defendant informed Plaintiff that the Attempted Appeal would be returned to Defendant's claim office instead of being considered by Defendant's Appeal Unit.

6.9

On November 4, 2019, in a letter to Plaintiff, Defendant denied Plaintiff's LTD claim ("Denial"). Defendant alleged for the first time in the Denial that Plaintiff was not covered under the LTD Plan at the time of his disability and also provided information as to how an ERISA appeal could be submitted.

6.10

On March 27, 2020, Plaintiff appealed the Denial ("Appeal"). Plaintiff later supplemented this initial Appeal filing with additional exhibits and other documents in support of and as part of the Appeal.

6.11

On June 3, 2020, Defendant denied the Appeal ("Appeal Denial"). In the Appeal Denial, Defendant no longer alleged that Plaintiff was not covered under the LTD Plan at the time of his original disability.

6.12

Plaintiff has complied with all contractual requirements of the LTD Plan, including but not limited to administrative remedies exhaustion and the submission of sufficient medical proof of his disabling condition.

6.13

Defendant wrongfully denied Plaintiff's claim for benefits.

6.14

The wrongful denial of Plaintiff's claim for LTD benefits was and still is violation of ERISA, 29 U.S.C. § 1132(a)(1)(B).

6.15

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged in the amount of each unpaid monthly benefit payment from approximately May 14, 2018 through the end of the 24-month Mental Illness benefits' limitation of the LTD Plan.

6.16

As a direct and proximate result of Defendant's wrongful denial of Plaintiff's LTD benefits, Plaintiff has been damaged by the withholding of all other benefits

to which he is entitled under the LTD Plan, including, but not limited to, any additional treatment and therapy benefits.

6.17

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff is entitled to recover prejudgment interest, which is accruing on each unpaid monthly benefit payment from May 14, 2018 through the date of judgment.

6.18

As a direct and proximate result of Defendant's wrongful denial of LTD benefits, Plaintiff has incurred attorney fees and costs that are recoverable pursuant to ERISA, 29 U.S.C. § 1132(g)(1).

**WHEREFORE,** Plaintiff prays for judgment against Defendant as follows:

A.    For gross unpaid monthly LTD benefit payments from May 14, 2018 through the end of the 24-month Mental Illness benefits' limitation of the LTD Plan pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B);

B.    For a declaration that Defendant breached its fiduciary duty to Plaintiff by wrongfully denying Plaintiff's LTD claim, and estopping Defendant from continuing to deny Plaintiff's LTD claim;

C.    For Plaintiff's attorney fees and costs pursuant to ERISA, 29 U.S.C. § 1132(g)(1);

D.    For prejudgment and post-judgment interest; and

E.    For such further relief as the court deems just and equitable.

DATED this 9th day of September, 2020.

                                              *s/ Jesse Cowell*
                                              Jesse Cowell, OSB # 082940
                                              Roy Law Group
                                              1000 SW Broadway Suite 900
                                              Portland, OR 97205
                                              PH:    503.206.4313
                                              FAX: 855.344.1726
                                              *jesse@roylawgroup.com*

Page 8 – COMPLAINT OF PLAINTIFF MICHAEL ROGALA